UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80049

MORGAN STANLEY DW INC. f/k/a DEAN
WITTER REYNOLDS, INC., a Delaware corporation,

    Plaintiff,

v.

GREGORY L. PLANCK and RAUL E. HOYO
individually,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION
## FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's, **MORGAN STANLEY DW, INC. f/k/a DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY")** Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. Upon due and careful consideration of the Complaint, the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting Affidavits, and Plaintiff's Memorandum and Supplemental Memorandum in Support of Emergency Motion, and being otherwise advised in the premises, the Court does hereby find as follows:

1. The Court has diversity jurisdiction to hear this case. Though Plaintiff is seeking injunctive relief, the monetary value of the object of the litigation from the Plaintiff's perspective are the commissions Defendants earned from servicing Plaintiff's clients. This amount is more than $75,000 for the past year. *Cohen v. Office Depot, Inc.* 204 F.3d 1069, 1077 (11th Cir. 2000); see ¶5 of Affidavit of Carlos Lowell. In addition, as for personal jurisdiction, the Defendants have been employed by Plaintiff within the Southern District of Florida

2. Under Section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in *American Express Financial Advisors v. Makarawicz*, 122 F.3d 936 (11th Cir. 1997), **MORGAN STANLEY** has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

3. There is cause to believe that the rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contract with Defendants **GREGORY L. PLANCK** (hereinafter "**PLANCK**") and **RAUL E. HOYO** (hereinafter "**HOYO**") is being and may continue to be violated by Defendants unless said Defendants are restrained in the manner set forth herein.

4. Plaintiff **MORGAN STANLEY** will suffer irreparable harm and loss if Defendants are permitted to: (a) convert property of **MORGAN STANLEY** to their own personal use and benefit, and that of their new employer, **DEUTSCHE BANK SECURITIES, INC.**, (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and, (c) solicit **MORGAN STANLEY** employees to change their employment to a competitor firm if Defendants are not immediately enjoined without further notice or hearing.

5. Plaintiff **MORGAN STANLEY** has no adequate remedy at law.

6. Greater injury will be inflicted upon Plaintiff **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1. Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of 2:15 p.m. this 19 day of January, 2007. Plaintiff shall post security with the Clerk of this Court in the amount of $10,000.00 no later than the 23 day of January, 2007.

2. **PLANCK** and **HOYO** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of **DEUTSCHE BANK SECURITIES, INC.**, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whom **PLANCK** or **HOYO** served or whose name became known to either of them while in the employ of **MORGAN STANLEY**, for the purpose of advising said clients of their new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **MORGAN STANLEY** with the exception of Defendants' family and relatives;

(b) soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information Defendants used in violation of their Employment Agreements. This specifically includes any client whom Defendants may have contacted by mail, phone or otherwise through the use of any information obtained by Defendants while in the employ of **MORGAN STANLEY**, with the exception of Defendants' family and relatives;

(c) Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

(d) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents

3

(including data or information maintained in computer media) in Defendants' possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records, which pertain to **MORGAN STANLEY** clients whom either Defendant served or whose names became known to either Defendant while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the Complaint in this action.

3.   **PLANCK** and **HOYO**, and anyone acting in concert or participation with them, specifically including Defendants' counsel and any agent, employee, officer or representative of **DEUTSCHE BANK SECURITIES, INC.**, are further ordered to return to **MORGAN STANLEY's** Florida counsel any and all records, documents and/or other types of information pertaining to **MORGAN STANLEY** customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **PLANCK, HOYO** or their counsel of the terms of this Order.

4.   Any and all Customer Information within the possession, custody or control of Defendants that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative.  Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  Defendants and anyone acting in concert with Defendants, is precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5. In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until 2:15 p.m. January 29, 2007, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

7. This Temporary Restraining Order is entered this 19 day of January, 2007 at 2:15 p.m., in Chambers in West Palm Beach, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED at West Palm Beach, Florida, this 19 day of January, 2007.

        /s/ Kenneth L. Ryskamp
UNITED STATES DISTRICT JUDGE
KENNETH L. RYSKAMP